*399
 
 Battle, J.
 

 This is amotion against the defendant for a decree for costs, under the following circumstances: The plaintiff was, by an order of the Court of Equity of Eandolph county, permitted to file his bill and prosecute in that court
 
 informa pauperis.
 
 When the cause was ready for hearing, it was set down for that purpose, and, by consent of the parties, removed to this Court to be heard here. No order has been made in this Court allowing the plaintiff to prosecute his suit in it as a pauper, but the cause was heard at the last December Term ; 3 Jones’ Equity Eeport, ante 80, and the plaintiff obtained a decree for the sum of eighty dollars, wilh interest thereon from the year 1841. The question is, whether he is entitled also to a decree for his costs .in this Court. This question of practice has not hitherto been brought distinctly to our attention, but we have now7 given to it a due consideration, and our conclusion is that the plaintiff is entitled to have his motion granted.
 

 If the plaintiff had brought his case before this Court by an appeal in the usual manner, then the case of
 
 Clark
 
 v. Dupree, 2 Dev. Rep. 411, would have been a direct authority in his favor. That was a case commenced by a warrant before a single justice, and taken to the County Court, where an order was made to allow the plaintiff to proceed as a pauper. It was afterwards carried by the appeal of one of the parties (but which of them the report does not state,) to the Superior Court, where the plaintiff was nonsuited, and the judgment rendered against him for the costs of both the County and Superior Court, and from that judgment he appealed to this Court. Here the judgment of nonsuit was affirmed, but the judgment for costs was reversed, because the costs of the County Court were included in it. This Court then proceeded to give ajudgmentin favor of the defendant for the costs of the Superior Court, and in favor of the plaintiff for the costs of this Court, leaving the costs of the County Court to be recovered by neither of the parties.
 

 In delivering the opinion of the court, EuetiN, J. said “ The judgment, however, was properly rendered for the costs of the
 
 *400
 
 Superior Court, because tlie plaintiff had never been a pauper in that Court. The order of the County Court can only extend to its own officers. They can have no control over the counsel and officers of another court superior to themselves, so as to make an order that the3r shall work for nothing, nor a suitor after he ceases to be a suitor before them;
 
 Gibson
 
 v.
 
 McCarty,
 
 Cas. Temp. Hardw. 311. Suppose the plaintiff had been unable to give security for his appeal to this Court, his only remedy would have been by
 
 certiorari
 
 granted by this Court upon our own terms. The Superior Court could not have sent him here as a pauper appellant, nor, I think, as a pauper appellee.”
 

 Now, if the plaintiff in a suit, either at law or in equity, (for in that respect there cannot be a difference in the practice of the courts,) cannot be brought into this Court as a pauper appellee, there can be no reason assigned why he should come here as a pauper in an equity suit removed here for hearing, either upon affidavit or by consent of parties. The argument is unanswerable, that the court of equity of any county, which is inferior to this Court, cannot make air order that the counsel and clerk of this Court shall work for nothing. To effect that object there must be an order of this Court to allow the plaintiff to prosecute his suit here as a pauper. The motion, in behalf of the plaintiff, is granted.
 

 Pee Cueiam, Decree accordingly.